UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

v.

D-2 Clifton Divers,

Defendant.

Case No. 16-CR-20684

Honorable Avern Cohn

<u>Offenses</u>:
Count One: Conspiracy to Defraud the
United States (18 U.S.C. § 371);
Count Three: Bribery of a Public Official
(18 U.S.C. § 201).

<u>Maximum Imprisonment</u>:
Count One:   5 years;
Count Three: 15 years.

<u>Maximum Fine</u>:
Count One:    $250,000;
Count Three: $250,000.

---

## Rule 11 Plea Agreement

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Clifton Divers and the government agree as follows:

1.  **Guilty Plea**

    A.   **Count(s) of Conviction**

Defendant will enter a plea of guilty to Count One and Count Three of the First Superseding Indictment.

Count One charges conspiracy to defraud the United States by impeding, impairing, obstructing and defeating the U.S. Department of Homeland Security by dishonest means in violation of Title 18, United States Code, Section 371.

Count Three charges bribery of a public official in violation of Title 18, United States Code, Section 201(b)(2)(A) and (C).

### Elements of the Offenses

The elements of conspiracy to defraud the United States, as charged in <u>Count One</u> of the First Superseding Indictment, are as follows:

First: That two or more persons conspired or agreed to defraud the United States, or one of its agencies or departments, by dishonest means; and

Second: The defendant knowingly and voluntarily joined the conspiracy intending to help accomplish one or more of its objects; and

Third: That a member of the conspiracy did one or more of the overt acts set forth in Count One of the First Superseding Indictment for the purpose of advancing or helping the conspiracy.

The elements of bribery of a public official, as charged in <u>Count Three</u> of the First Superseding Indictment, are as follows:

First: The defendant was a public official, as defined in 18 U.S.C. § 201(a)(1);

Second: The defendant directly or indirectly received, accepted, or agreed to receive or accept a thing of value, either personally or for another person or entity;

Third: The defendant accepted, or agreed to accept the thing of value in return for being induced to do an act in violation of his official duty; and

Fourth: That the defendant acted corruptly.

B.    **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty pleas:

### Count One – Conspiracy to Defraud the United States

Between in or before 2013 and September 2015 defendant Clifton Divers conspired and agreed with attorney Charles Busse to impair, obstruct, and defeat the lawful function of the U.S. Department of Homeland Security by dishonest means.

One object of the conspiracy was to obtain deferrals of deportation and other immigration benefits for clients of attorney Charles Busse.  During that time defendant Clifton Divers was a Special Agent with Immigration and Customs Enforcement – Homeland Security Investigations within the U.S. Department of Homeland Security.

To assist attorney Charles Busse, defendant Clifton Divers provided inaccurate and misleading information to other law enforcement officials to conceal the fact that Charles Busse was the attorney for an individual for whom Special Agent Divers was obtaining a deferral of deportation.

3

In August and September of 2014, attorney Charles Busse contacted Special Agent Clifton Divers on behalf of an Albanian national identified herein as LS, who was a client of attorney Busse.

In October 2014, Clifton Divers arranged for LS to be interviewed as a potential confidential source for the Detroit office of U.S. Immigration and Customs Enforcement- Homeland Security Investigations.

On October 28, 2014, Special Agent Clifton Divers met with Albanian national LS at the Detroit office of U.S. Immigration and Customs Enforcement- Homeland Security Investigations.  Also present, as an unwitting participant, was another ICE-HSI Special Agent.  During the October 28, 2014 meeting, Clifton Divers made misleading and inaccurate statements in the presence of the other ICE-HSI Special Agent to conceal the fact that attorney Charles Busse had referred LS to Special Agent Clifton Divers.

Following the October 28, 2014 meeting, Clifton Divers provided misleading and inaccurate information to an ICE Deportation Officer to conceal that fact that LS was represented by attorney Charles Busse.

### Count Three – Bribery of a Public Official

In August and September of 2015, Clifton Divers agreed to accept and receive a thing of value from an individual identified herein as "JG," in return for being induced

to act in violation of his official duties as a Special Agent with Immigration and Customs Enforcement – Homeland Security Investigations.

In August 2015, JG contacted Clifton Divers via text message and asked Divers to "find some dirt on" one individual and any "details on the guys [sic] record" regarding another individual. In August of 2015, JG knew that Clifton Divers was an ICE HSI Special Agent with access to criminal history information.

In September 2015, Clifton Divers provided JG information regarding the criminal record of one of the individuals about whom JG sought information. On September 15, 2015, JG gave defendant an ASUS-U46E laptop computer.

In August and September of 2015, Clifton Divers knew that it was a violation of his official duties as an ICE HSI Special Agent to receive or accept, or to agree to receive or accept, a laptop computer in return for providing information to a member of the public.

### C.   Standard of Proof

The Court will determine the correct sentencing factors in this matter by a preponderance of the evidence.

### D.   Sentencing Guideline Range

The parties agree on all sentencing factors except the following:

1.     **If an increase should apply pursuant to USSG § 2C1.1(b)(2).**

5

The government takes the position that the defendant's guideline level should be increased by six levels pursuant to USSG § 2C1.1(b)(2) because the value of anything obtained by Charles Busse exceeded $40,000. Defendant Clifton Divers reserves his right to contest the application of USSG § 2C1.1(b)(2).

2.   **If an increase should apply pursuant to USSG § 3C1.1.**

The government takes the position that the defendant's guideline level should be increased by two levels pursuant to USSG § 3C1.1 for obstructing or impeding the administration of justice. Defendant Clifton Divers reserves his right to contest the application of USSG § 3C1.1.

The parties agree that the Court shall determine these and all sentence guideline factors by a preponderance of the evidence and further agree to be bound by the Court's determination.

As is set forth on the attached worksheets, it is the government's position that the defendant's advisory guideline range is **46-57 months.**   It is the defendant's position that the advisory guideline range is **18-24 months.**

If the Court finds:

1.   That defendant's criminal history category is higher than reflected on the attached worksheets, or

2.   that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information

6

from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offenses; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than 46-57 months, then the government takes the position that the higher guideline range shall apply.

2.     **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A.     **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed **48 months**.

B.     **Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is not more than three years. The agreement concerning imprisonment described above in Paragraph 2A does not apply to any term of imprisonment that results from any later revocation of supervised release.

C.     **Special Assessment**

Defendant will pay a special assessment of $200.00 and must provide the government with a receipt for the payment before sentence is imposed.

D.     **Fine**

There is no agreement as to the amount of the fines.

E.     **Restitution**

Restitution is not applicable to this case.

3.     **Defendant's Right to Withdraw from This Agreement**

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than 48 months. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than 48 months.

4.     **Use of Withdrawn Guilty Plea**

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

8

5.    **Other Charges**

Following the imposition of a sentence on counts one and three of the First Superseding Indictment the government will move to dismiss the remaining counts of the First Superseding Indictment against defendant Clifton Divers.

6.    **Appeal Waiver**

Defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence does not exceed 48 months, defendant also waives any right he may have to appeal his sentence, the amount of the fine or the amount of restitution imposed in this matter on any grounds.  If the defendant's sentence of imprisonment is at least 46 months the government waives any right it may have to appeal the defendant's sentence.

This waiver does not bar filing a timely claim of ineffective assistance of counsel in court.

7.    **Consequences of Withdrawal of Guilty Plea(s) or Vacation of Conviction(s)**

If defendant is allowed to withdraw his guilty plea(s) or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea(s)

becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea(s) or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

8.     **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

9.     **Scope of Plea Agreement**

This agreement is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States, the Internal Revenue Service or any other party.

10.  **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 1:30 P.M. on January 26, 2018. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.


MATTHEW SCHNEIDER
United States Attorney


DAVID A. GARDEY
Assistant United States Attorney
Chief, Public Corruption Unit

Date: 1-26-18

BRUCE C. JUDGE
Assistant United States Attorney

Date: 1/26/2018


DAWN N. ISON
Assistant United States Attorney

Date:

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.


ARTHUR J. WEISS
Attorney for Defendant

CLIFTON DIVERS
Defendant

Date: 1/36/18

Date: 1/26/18

12